IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| AMELIA COLVIN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-247 |
| | § | |
| BALBOA INSURANCE COMPANY | § | |

## NOTICE OF CONVERSION

Following preliminary research relevant to the disposition of the "Motion to Enforce Settlement Agreement/Dismiss with Prejudice" of Defendant, Balboa Insurance Company (Balboa), the Court has concluded that in the present posture of this case, Balboa's Motion, insofar as it seeks dismissal of the complaint of Plaintiff, Amelia Colvin, is, in substance, a Rule 12(b)(6)-type motion to dismiss for Colvin's present inability to state a claim upon which relief can be granted based upon her agreement to settle her claim with Balboa. So construed, the resolution of the Motion to Dismiss requires the Court to consider matters outside Colvin's pleadings. Consequently, even though it appears that under applicable Texas law, Lefevre v. Keaty, 191 F.3d 596, 598 (5th Cir. 1999) (In diversity cases, Texas Rule 11 governs the enforcement of settlements), Balboa is entitled to enforcement of the settlement and a judgment of dismissal, Cf. Padilla v. LaFrance, 907 S.W.2d 454, 461-62 (Tex. 1995), the Court, albeit reluctantly, feels compelled to give Colvin, and Balboa, notice that it will, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, convert the Motion to one for summary judgment under Rule 56. Cf. Young v. Biggers, 938 F.2d 565, 568 (5th Cir. 1991) (quoting Murphy v. Inexco, 611 F.2d 570, 573 (5th Cir. 1980) ("The only way to test the merit of a claim if matters outside the bounds of the

complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment procedure and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56."))

It is, therefore, **ORDERED** that Balboa's "Motion to Enforce Settlement Agreement/Dismiss with Prejudice" (Instrument no. 21) **WILL BE** treated as a Motion for Summary Judgment.

It is further **ORDERED** that Colvin **SHALL** have until **March 11, 2011**, to file any further materials she deems pertinent to the now-converted Motion.

It is further **ORDERED** that Balboa **SHALL** have until **March 18, 2011**, to file responsive materials, if any, to Colvin's additional submissions, if any.

**DONE** at Galveston, Texas, this \_\_\_\_\_1st\_\_\_\_\_ day of March, 2011.

_____
John R. Froeschner
United States Magistrate Judge